IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| MADELINE BRADSTOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | CJ-12-1031 |
| STANDARD INSURANCE COMPANY, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }
FILED In The
Office of the Court Clerk

JUL -6 2012

DOCKET_____PAGE_____RECORDED
Rhonda Hall, Court Clerk
_____DEPUTY

## PETITION

Madeline Bradstock, for her cause of action Standard Insurance Company, alleges and states as follows:

1. Madeline Bradstock is a resident of Cleveland County which is also where the insurance policy giving rise to this cause of action was delivered. Standard Insurance Company is a foreign corporation duly authorized and actually transacting business in Cleveland County.

2. From 1998 through July of 2008, Bradstock was a full-time professor employed by the University of Oklahoma Colleges of Law, Medicine and/or Public Health. During Bradstock's tenure, Standard Insurance Company was insurer through which the University of Oklahoma offered long term disability benefits to its employees. Bradstock purchased the "High Option" package and had premium payments withheld from her paycheck.

1

3. The Group Long Term Disability Policy issued by Standard is exempt from ERISA since it insures a governmental entity and/or its employees.

4. In September 2006, Bradstock suffered a neurological insult causing her to become disabled. She thereafter took a short-term disability leave until November of that year and was later excused from classroom responsibilities, in part, because her speech had become impaired. By the end of 2007, it was clear Bradstock was not going to sufficiently recover so as to function well in a classroom. Bradstock later took a disability retirement from the University of Oklahoma

5. Bradstock, with assistance from the University of Oklahoma, thereafter submitted to Standard Insurance Company her application for long term disability income benefits. The application was granted and Bradstock began receiving long term disability income payments in September of 2008. She was further entitled to receive a Pension Contribution Benefit but never received it.

6. The following year, Standard Insurance Company notified Bradstock that the long term disability payments would cease after two (2) years since Bradstock's disability was the result of a Mental Disorder, as that term was defined in the insurance policy. Standard thereafter terminated Bradstock's long term disability benefit in July of 2010.

7. Bradstock thereafter appealed the termination of her long term disability benefits through an internal grievance procedure set forth in the policy and, at no time, was ever advised in writing of any need to exhaust further administrative procedures through the Benefits Council for the State of Oklahoma. The appeal was rejected.

7.   In limiting Bradstock's long term disability benefits to two (2) years, Standard Insurance Company breached the underlying contractual agreement and accompanying duties of good faith and fair dealing by: 1) failing to reasonably investigate and evaluate Bradstock's long term disability claim; 2) disregarding the medical findings and diagnosis of Bradstock's treating physicians; 3) soliciting predictably biased opinions from physicians employed to render peer reviews and/or IME opinions; 4) relying upon a policy definition of Mental Disorder which is overly broad, vague and ambiguous; and 5) wrongfully shifting to Bradstock the burden of investigation while placing Standard's financial interests ahead of hers.

8.   Bradstock has suffered economic damage as well as emotional anguish due to the intentional and tortious conduct of Standard Insurance Company.

WHEREFORE, Madeline Bradstock respectfully requests that she be granted judgment in a sum in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332; that she be awarded punitive damages; that, in the alternative, the insurance policy be reformed so as to properly define the term Mental Disorder thereby triggering a continuation of long term disability benefits for Bradstock until the age of 65; and that she be awarded all interest and costs incurred in prosecuting the matter.

LAW OFFICES OF MARK S. COOPER, P.C.

_____
MARK S. COOPER, OBA# 12614
225 N. Peters Suite 8
Norman, Oklahoma 73069
(405) 292-7600 Telephone
(405) 366-7657 Facsimile

**ATTORNEY LIEN CLAIMED**